UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.M., | |
| Petitioner, | No. 1:26-cv-01105-TLN-JDP |
| v. | **ORDER** |
| NOEM et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Z.M.'s ("Petitioner") Petition for Writ of Habeas Corpus and Motion to Enforce Temporary Restraining Order.  (ECF Nos. 1, 11.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED and his Motion to Enforce Temporary Restraining Order ("TRO")[1] is DENIED as moot.

[1]  In its TRO the Court directed Respondents to immediately release Petitioner from detention "under the same conditions he was released prior to his current detention" and "return all of Petitioner's documents and possessions."  (ECF No. 9)  Petitioner's belongings were confiscated upon his arrest, including: an expired Employment Authorization Document ("EAD") card, a New York commercial driver's license, a non-commercial driver's license, bank and credit cards, a social security card, an iPhone, clothing, medication and a backpack.  (ECF No. 11 at 4–5.)  In his February 18 reply to Respondents' response to the Court's Order to Show Cause, Petitioner addressed Respondents' arguments and "request[ed] that, in the event the petition is granted, that the order address the return of Petitioner's possessions and documents to him" because "Respondents only gave [him] an expired EAD card upon his release."  (*Id.* at 2.)  Because Petitioner's possessions have since been returned, the request is moot.  "To qualify as a

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Respondents do not dispute the accuracy of any facts alleged in Petitioner's habeas petition.  (*See generally* ECF No. 10.)  The instant habeas action arises out of Petitioner's arrest and detention by immigration authorities without notice or a hearing.  (ECF No. 1.)  Petitioner entered the United States in February 2022 and was detained by U.S. Customs and Border Protection.  (*Id.* at 4.)  He expressed a fear of returning to his native Kyrgyzstan and was paroled into the United States.  (*Id.*)  He subsequently filed for asylum on May 9, 2022, alleging political persecution and torture by Kyrgyzstani authorities.  (*Id.* at 5.)  At a credible fear interview on September 25, 2025, which he passed, immigration authorities detained him again.  (*Id.* at 5; ECF No. 1-5 at 2.)  Petitioner was detained at immigration detention facilities in New Jersey and Texas before being transferred to the California City Detention Facility.  (ECF No. 1 at 5.)  Petitioner has no criminal record and has complied with U.S. Immigration and Customs Enforcement ("ICE") check in requirements.  (*Id.*)

Petitioner filed a Petition for Writ of Habeas Corpus and Motion for TRO with this Court on February 9, 2026.  (ECF Nos. 1, 4.)  The Court granted the TRO via Minute Order on February 10, 2026, and ordered Respondents to show cause why the habeas petition should not be granted.  (ECF No. 9.)  Respondents filed a response on February 17, 2026.  (ECF No. 10.)  Petitioner filed a reply on February 18, 2026.  (ECF No. 11.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

---

case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)).

Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner challenges his detention without notice or a hearing as violating his due process rights.[2]  (ECF No. 1 at 8–9.)  In opposition, Respondent contends Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (ECF No. 10 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A.    Liberty Interest

---

[2]    Petitioner also challenges his detention as violating the Administrative Procedure Act. (ECF No. 1 at 10–11.)  Because the Court finds Petitioner is entitled to relief on the basis of his constitutional claim, the Court need not consider Petitioner's statutory claims.

As to step one, the Court finds Petitioner gained a protected liberty interest in his continued freedom when he was released in February 2022. (ECF No. 1 at 4.) This release was an "implicit promise" that Petitioner would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *See Morrissey*, 408 U.S. at 482. Respondents do not argue that Petitioner violated those terms. (*See generally* ECF No. 10.) Petitioner thus has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Respondents' only argument in opposition to the habeas petition are ones that this Court has repeatedly rejected. The vast majority of courts across the Ninth Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2). *See e.g.*, *Hortua v. Chestnut*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Orestes Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondents put forth no new arguments or facts justifying a different conclusion in this case. (*See* ECF No. 10.) Accordingly, Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

### B.    Procedures Required

Having found Petitioner possesses a protected liberty interest, the Court next examines

4

what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  The *Mathews* factors support requiring Petitioner receive notice and a hearing before a neutral decisionmaker prior to re-detention.

First, Petitioner has a substantial private interest in his own freedom adversely affected by the Government's actions to detain him.  The amount of time Petitioner spent at liberty underscores the gravity of its loss.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.").

Second, the risk of this interest being erroneously deprived is considerable because Petitioner received virtually no procedural safeguards to ensure his detention was justified. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.  While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes.  *Hernandez*, 872 F.3d 976.  As Respondents do not argue Petitioner is a danger to the public or a flight risk, the risk that he is being detained without proper justification is exceedingly high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government has shown no legitimate interest in Petitioner's detention absent

5

procedural protections, and the cost and time of procedural safeguards are minimal.  Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the Government's interest is further diminished where, as here, Petitioner was already found appropriate for release. *R.D.T.M.*, 2025 WL 2686866 at *6.  "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994.

Upon consideration of these factors, the Court finds Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted.  He received neither.  Petitioner's detention therefore violates due process.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)

IT IS HEREBY ORDERED:

1.    Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrates by clear and convincing evidence that the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present; and

2.    The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

//

//

//

IT IS SO ORDERED.

Date: July 1, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE